UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH R. CALDWELL, SR.,

Plaintiff,

v.                                     Civil Action No. 18-353 (JEB)

DAVID J. SHULKIN, *et al.*,

Defendants.

MEMORANDUM OPINION

*Pro se* Plaintiff Keith R. Caldwell seeks more than $5 million in damages for allegedly deficient medical care he received at the Bay Pines Medical Center, a facility operated by the Department of Veterans Affairs in Bay Pines, Florida. See Compl. at 2, 30. Caldwell initially brought these claims in the Middle District of Florida, where his Third Amended Complaint was dismissed for failure to conform to the requirements of the Federal Tort Claims Act. See Caldwell v. U.S. Dep't of Veterans Admin., 2015 WL 2356021 (M.D. Fla. May 15, 2015), aff'd sub nom. Caldwell v. Klinker, 646 F. App'x 842 (11th Cir. 2016). Plaintiff now seeks to pursue his case in this Court, but his current effort faces an additional hurdle: he has been enjoined from filing "any new civil action [in this District] without first seeking leave to file such complaint." Caldwell v. Obama, 6 F. Supp. 3d 31, 52 (D.D.C. 2013), appeal dismissed, No. 14-5085 (D.C. Cir. 2014). Although Defendants dispute the merits of Caldwell's claims and the appropriateness of his choice of venue in their Motion to Dismiss or Transfer, the Court need look no further than his failure to comply with the judicial orders of this District. The Court will

thus grant Defendants' Motion and dismiss the case without prejudice; he may seek leave to refile if he so wishes.

I. **Analysis**

According to Caldwell's Complaint, he is a "90% disable[d] 22-year Army retired officer," Compl. at 26, who suffers from "blackout episodes" and mental-health issues. Id. at 9-10. As a result of one such blackout episode, Caldwell broke his neck while attending a baseball game in August 2014. Id. at 9. While in treatment for this injury, Caldwell was subsequently diagnosed with "Shy Dragger [sic] Syndrome," a neurological disease. Id. Plaintiff alleges a number of instances of deficient care at the Bay Pines Medical Center, primarily regarding his neck injury and diagnosis, as well as the Center's purported failure to provide him adequate mental-health treatment. Id. at 5-14. Naming VA healthcare employees, the (former) Secretary of the VA, the agency itself, and the Bay Pines Medical Center as Defendants, Caldwell's Complaint raises claims under Florida's Baker Act, the FTCA, 42 U.S.C. § 9501, and the "14th / 15th Amendment[s]" of the Constitution. Id. at 26-29.

Plaintiff's filings, however, make no reference to his extensive prior dealings in this District. As a result of prolonged employment- and tax-related litigation against his former employer and various federal officials — including, *inter alia*, former President Barack Obama, Chief Justice John Roberts, and the judges who presided over his cases, see Caldwell, 6 F. Supp. 3d at 41 — Judge Howell found that Caldwell's "repeated filings of meritless complaints in this district is both vexatious and harassing to the parties named as defendants and imposes an unwarranted burden on the 'orderly and expeditious administration of justice.'" Id. at 52 (quoting Urban v. United Nations, 768 F.2d 1497, 1500 (D.C. Cir. 1985)). The court consequently enjoined him from "any subsequent filing in the District Court for the District of

Columbia without first seeking leave from the Court" and "explain[ing] what new matters are raised to warrant the filing of a new complaint." Caldwell, 6 F. Supp. 3d at 52; see also No. 13-1438, ECF No. 8 (2013 Order). In seeking leave, Caldwell was instructed to "include[] a concise description of the allegations contained in such complaint." 2013 Order.

Plaintiff does not dispute Defendants' claim that he is the Keith R. Caldwell, Sr. subject to the 2013 Order; indeed, his instant Complaint and his 2013 claims were filed using the same phone number. See ECF No. 1 at 31 (listing 2018 phone number); No. 13-1438, ECF No. 1 at 37 (listing 2013 phone number). "[C]ourts faced with injunctions limiting access to the courts by vexatious litigants [should] first address the applicability *vel non* of such injunctions." Dantzler v. EEOC, 810 F. Supp. 2d 312, 320 (D.D.C. 2011) (quoting Stitch v. United States, 108 F. App'x 32, 33 n.2 (2d Cir. 2004)). Given that the injunction remains in force and "[t]he proper course of action is for courts to require parties to abide by the terms of pre-filing injunctions," Perry v. United States, 548 F. App'x 614, 616 (Fed. Cir. 2013), Plaintiff's case will be dismissed without prejudice. Caldwell remains free to file his claims in this District if granted leave by Chief Judge Howell.

## II. Conclusion

While the Court is cognizant that "Caldwell is a *pro se* litigant, rather than an attorney, the application of the law remains the same." Caldwell, 2015 WL 2356021 at *8. This includes compliance with court orders. Since Plaintiff failed to seek leave prior to filing the current action, his claims will be dismissed without prejudice. A separate Order consistent with this Memorandum Opinion shall issue this date.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: July 23, 2018

3